IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CV-337-BO

| | |
|---|---|
| PRICILLA NEWSOME, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on May 30, 2013, at Elizabeth City, North Carolina. For the reasons discussed below, the decision of the Commissioner is reversed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff filed for DIB on February 20, 2009, alleging disability since October 13, 2008. After an initial denial, a hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*,

907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.*

At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity since her alleged onset date. Plaintiff's vertiginous syndromes, vestibular system disorder, migraines, obesity, depression, and post-traumatic stress disorder were considered severe at step two but did not meet or equal a listing at step three. Finding plaintiff's statements not entirely credible, the ALJ concluded that plaintiff could perform a greatly reduced range of light work. Plaintiff's impairments prevented her from returning to her past relevant work at step four, and the ALJ concluded, based on the testimony of a VE, that jobs existed in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled as of the date of his opinion.

Substantial evidence does not support the ALJ's RFC finding in this matter. An RFC should

2

Case 5:12-cv-00337-BO   Document 28   Filed 07/29/13   Page 2 of 5

reflect the most that a claimant can do, despite the claimant's limitations. 20 C.F.R. § 404.1545(a). An RFC finding should also reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006). Here, the ALJ's RFC opinion is inconsistent with substantial evidence in the record.

Plaintiff had a stroke in 2006 and has consistently suffered from vertigo, dizziness, migraines, and nausea since that time. Indeed, after plaintiff's stroke, an MRI of plaintiff's brain revealed "non-specific white matter changes likely related to hypertensive chronic microvascular ischemia." Tr. 244. Plaintiff also consistently complained to her treatment providers of dizziness and vertigo. *See e.g.* Tr. 210, 251, 286, 305. Plaintiff testified at the hearing that constant movement at work would cause her to be dizzy and lose her balance. Tr. 37. The ALJ found, however, that plaintiff's subjective complaints related to her dizziness were not fully credible.

Recognizing that an ALJ's credibility determination is entitled to great weight, *Shively v. Heckler*, 739 F.2d 987, 989-90 (4th Cir. 1994), the Court must still decide whether such a determination is properly supported. *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985). As a claimant with a history of more than twenty years of consistent work, plaintiff's subjective testimony regarding her dizziness and vertigo is entitled to substantial credibility. *Rivera v. Schweiker*, 717 F.2d 719, 725 (2nd Cir. 1983) (citation omitted). The medical record in this matter demonstrates that plaintiff has complained of vertiginous symptoms since she suffered her stroke, and objective medical evidence demonstrates that plaintiff's brain shows lingering effects of a ischemia. In light of the foregoing, the Court holds that the ALJ's finding that plaintiff was not credible regarding her complaints of vertigo is not supported by substantial evidence.

3

The Court next considers the effect of plaintiff's credible testimony on her RFC. While not disabling in and of themselves, plaintiff's vertigo and related symptoms would, as the ALJ found, have a substantial impact on her ability to work. The ALJ determined plaintiff to be capable of performing light work, which requires "a great deal of walking or standing," up to six hours of an eight hour day. SSR 83-10. While the ALJ limited some work activities that plaintiff could perform in light of her vertigo, such as climbing ladders and scaffolds, substantial evidence does not support a finding that plaintiff could walk or stand for six hours a day, especially considering plaintiff's testimony regarding constant movement. Sedentary work, however, is performed primarily in a seated position and involves generally no more than two hours of walking or standing in a work day. SSR 83-10. Substantial evidence does support that plaintiff could perform sedentary work in light of her credible subjective complaints of dizziness.

*Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

At the time of her hearing before the ALJ, plaintiff was fifty years old, she has at least a high school education, she could not perform her past relevant work, and she has no specific transferable skills from any of her past jobs. Tr. 16; 43. When properly limited to sedentary

4

work, plaintiff is considered to be disabled under the medical-vocational guidelines. 20 C.F.R. Part 404, Subpt. P, App. II. Accordingly, a remand of this matter for further consideration by the Acting Commissioner is unnecessary as a finding of disabled is directed.

## CONCLUSION

Plaintiff's motion for judgment on the pleadings [DE 22] is GRANTED and defendant's motion for judgment on the pleadings [DE 24] is DENIED. The decision of the ALJ is REVERSED and this matter is REMANDED to the Acting Commissioner for an award of benefits.

SO ORDERED, this 28 day of July, 2013.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE